NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 19-3509

—————————

UNITED STATES OF AMERICA

v.

REINALDO RODRIGUEZ
a/k/a Killa a/k/a Memo,

Appellant

—————————

Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 2-18-cr-00142-001)
District Judge: Honorable Susan D. Wigenton

—————————

Submitted under Third Circuit LAR 34.1(a)
on September 25, 2020

Before: AMBRO, PORTER and ROTH, Circuit Judges

(Opinion filed: February 23, 2021)

—————————

OPINION[*]

—————————

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A jury convicted defendant Reinaldo Rodriguez of conspiracy to distribute and possess with intent to distribute heroin, and possession of heroin. On appeal, he challenges: (1) the admission of a prior conviction, (2) sufficiency of the evidence, and (3) the government's use of his alias. For the reasons below, we will affirm the judgment of the District Court.

I.[1]

On May 12, 2016, law enforcement found heroin and a gun in a closet in a room where Rodriguez was sleeping. At trial, Rodriguez's mother and brother testified that the room in which Rodriguez was sleeping was his mother's room. The government did not assert that Rodriguez actually possessed the heroin. Rather, it argued that he constructively possessed it, based on, among other things, his proximity to the heroin. Rodriguez's brother Fermin testified, however, that the heroin in the closet belonged to him.

In March 2019, a superseding Indictment was returned against Rodriguez, charging him with: (1) Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or More of Heroin (Count One), (2) Possession with Intent to Distribute Heroin (Count Two), (3) Felon in Possession of a Firearm (Count Three), and (4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count Four). Rodriguez proceeded to trial. A jury convicted him of Counts One and Two, but acquitted him of Counts Three and Four.

---

[1] Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.

II.

Rodriguez's first challenge is to the admission at trial of a prior conviction. Before trial, the government had moved to admit Rodriguez's 2011 state court conviction for distribution of a controlled substance within 500 feet of a public housing facility, park or building. Defense counsel objected, arguing that the evidence was prejudicial and was being introduced to show propensity. In admitting the evidence, the District Court held that it was not improper character evidence because it could "show intent . . . any lack of mistake or accident, and Mr. Rodriguez's knowing participation in this conspiracy."[2] The court also held that "certainly [the evidence] is relevant" and that "its prejudicial effect [did] not substantially outweigh its probative value."[3]

The District Court provided a limiting instruction to the jury.[4] It instructed the jury to consider the evidence for deciding only: (1) "whether the defendant intended to distribute the Purple Rain heroin recovered on May 12, 2016, and/or whether he intended to distribute heroin during the course of the conspiracy, from June 2015, through April 20, 2016"; (2) "whether the defendant knowingly joined and participated in the conspiracy from June 2015, through April 20, 2016, to distribute heroin as opposed to his participation in the conspiracy being the result of an accident or a mistake"; and (3) "whether the defendant's possession of the heroin on May 12, 2016, was knowingly as

---

[2] A.R. 1183.
[3] *Id.*
[4] Defense counsel stated that the language of the limiting instruction was "fair," but continued to note his objection to introduction of the conviction. A.R. 81-82.

opposed to the result of an accident or mistake."[5]  The District Court instructed the jury, "Do not consider this evidence for any other purpose."[6]  The government then introduced an exhibit showing that in June 2011 Rodriguez pled guilty to distribution of a controlled substance within 500 feet of a public housing facility, park, or building.  The District Court provided a similar limiting instruction regarding the conviction during the final instructions given to the jury.

We review the District Court's admission of the prior conviction for abuse of discretion.[7]  Under Federal Rule of Evidence 404(b)(1), "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  This evidence, however, can be admitted for a proper purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[8]  Evidence is admissible under Rule 404(b) only if it is "(1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested."[9]

These four conditions are met here.  First, the conviction was admitted for proper purposes.  The District Court admitted the evidence to show Rodriguez knowingly

---

[5] A.R. 83–84.
[6] A.R. 84.
[7] *United States v. Garner*, 961 F.3d 264, 273 (3d Cir. 2020).
[8] Fed. R. Evid. 404(b)(2).
[9] *United States v. Davis*, 726 F.3d 434, 441 (3d Cir. 2013); *see also Huddleston v. United States*, 485 U.S. 681, 691–92 (1988).

participated in the conspiracy, knowingly possessed the heroin in the closet, and intended to distribute the heroin in the conspiracy. "Knowledge and intent are indeed proper purposes under the first part of our Rule 404(b) test."[10]

Second, Rodriguez's prior drug conviction is relevant to those purposes. "We have held . . . that evidence of past distribution is relevant to prove knowledge of the same or different drug in a later distribution trial."[11]

Third, the District Court did not abuse its discretion in concluding that the conviction met Rule 403's balancing requirement. District courts have "broad discretion in making a Rule 403 determination."[12] The drug conviction is relevant to showing intent and knowledge. We will not disturb the District Court's conclusion that the probative value was not substantially outweighed by the prejudicial effect.[13]

Finally, the District Court's limiting instruction—which it gave both before the evidence was introduced and in the final instructions—satisfied the fourth requirement and "minimize[ed] any prejudicial effect."[14]

### III.

Second, Rodriguez challenges the District Court's denial of his motion for judgment of acquittal based on insufficient evidence. Our review of the sufficiency of the evidence is plenary, but "we must consider the evidence in the light most favorable to

---

[10] *Davis*, 726 F.3d at 442.
[11] *Id.* at 443; *see also id.* (collecting cases).
[12] *United States v. Cunningham*, 694 F.3d 372, 387 (3d Cir. 2012).
[13] *See, e.g.*, *United States v. Givan*, 320 F.3d 452, 462 (3d Cir. 2003) ("[W]e cannot find that the district court abused its discretion under Rule 403.").
[14] *Id.* at 461–62.

5

the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt."[15]

Rodriguez argues that he was entitled to a judgment of acquittal on Count One because the government failed to prove that he distributed or possessed 1000 grams or more of heroin as a single unit. The government, however, did not need to do so. We recently clarified that "[t]he jury . . . may attribute to a defendant . . . those quantities involved in violations of § 841(a) that were within the scope of, or in furtherance of, the conspiracy and were reasonably foreseeable to the defendant as a consequence of the unlawful agreement."[16] Thus, the District Court properly instructed the jury that the quantity of drugs attributable to Rodriguez must be based on his conduct and that of his co-conspirators that was reasonably foreseeable to him as part of the conspiracy. The government was not, however, required to prove that Rodriguez ever distributed or possessed 1000 grams or more of heroin at one time.[17]

IV.

Finally, Rodriguez challenges the government's use of his alias "Killa" during trial. He claims that the government's use of the alias during trial was "prosecutorial misconduct."[18] However, Rodriguez did not object to the government's use of the alias

---

[15] *United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013) (internal citations and quotation marks omitted).

[16] *United States v. Williams*, 974 F.3d 320, 366 (3d Cir. 2020).

[17] Rodriguez's reliance on *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019), is misplaced. *Rowe* addressed the aggregation of drug weights for substantive violations of 21 U.S.C. § 841, not aggregation when the defendant participated in a conspiracy. *See id.* at 760–61.

[18] Reply Br. 12.

during trial. For that reason, we review for plain error. Rodriguez must show (1) an "error" that (2) is "plain" and (3) "affect[s] substantial rights."[19] If he can do so, then it is "within the sound discretion of the court of appeals" to correct the error, but only if (4) "the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[20]

"[T]he prosecution's use of a defendant's alias in an indictment or at trial is permissible where the evidence is relevant—including for purposes of identifying the defendant—and does not result in unfair prejudice."[21] Rodriguez called himself "Killa" in text messages and on phone calls about narcotics trafficking. Evidence that Rodriguez used the alias "Killa" was therefore relevant to tying Rodriguez to these transactions. And the evidence of these transactions is pertinent to proving Rodriguez participated in the drug conspiracy. There is no record evidence that the government used the alias without a proper purpose. Nor do we find any government "misconduct" in using the alias during trial.

V.

For the above reasons, we will affirm Rodriguez's judgment of conviction.

---

[19] *United States v. Olano*, 507 U.S. 725, 732 (1993).
[20] *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).
[21] *Williams*, 974 F.3d at 356.